IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

HIRAM TOLLIVER
        Plaintiff,

vs.                                              Civil Action No. 1:24-cv-00231

D.R. BARKER, individually
K.L. ROSS, individually,
JOHN DOE, individually, and
THE CITY OF BLUEFIELD, a political
subdivision of the State of West Virginia,

        Defendants.

## COMPLAINT

This complaint, brought pursuant to 42 U.S.C. Section 1983, the Fourth Amendment to the United States Constitution, arises out of the Defendants' use of excessive force upon the Plaintiff on or about May 5, 2022 in the town of Bluefield, Mercer County, West Virginia, within the Southern District of West Virginia.

## JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1331 and 1343.

## PARTIES

1.     The Plaintiff, Hiram Tolliver, was at all times relevant hereto a resident of Bluefield, Mercer County, West Virginia.

2.     Defendant, D.R. Barker, was at all times relevant hereto, a law enforcement officer with the Bluefield Police Department, and was at all times relevant hereto acting under the color of law, having an address of 100 S. Mercer Street, Bluefield, West Virginia, 24701.

3. Defendant, K.L. Ross, was at all times relevant hereto, a law enforcement officer holding the rank of Detective with the Bluefield Police Department, and was at all times relevant hereto acting under the color of law, having an address of 100 S. Mercer Street, Bluefield, West Virginia, 24701.

4. Defendant, John Doe, was at all times relevant hereto a law enforcement officer with the Bluefield Police Department, and was at all times relevant hereto acting under the color of law, having an address of 100 S. Mercer Street, Bluefield, West Virginia, 24701.

5. Defendant, City of Bluefield, is and was at all times relevant hereto, a political subdivision of the State of West Virginia, having an address of 200 Rogers Street, Bluefield, West Virginia 24701.

**FACTS**

6. On or about May 5, 2022, Plaintiff was the subject of a police pursuit which which began on Wayne Street and ultimately ended near his residence on Beaver Pond Road in Bluefield, Mercer County, West Virginia.

7. Plaintiff, who feared for his life based upon previous interactions with members of the Bluefield Police Department, did not immediately pull over when Defendant Barker initially attempted to stop him, but rather he continued driving. Defendant D.R. Barker began the pursuit of Plaintiff and was subsequently joined by Defendant K.L. Ross.

8. Plaintiff's car eventually came to a stop at the dead end of Beaver Pond Road near his residence. Nobody was injured during the pursuit and the defendant officers had no information or reason to believe that Plaintiff was armed or dangerous.

9. After Plaintiff's car came to a stop, he was ordered to get out of the car and to get on the ground. As soon as Plaintiff was out of the car, he proceeded to lie down on the ground as directed by the police officers at the scene. Plaintiff was unarmed, and at no time did he resist, pose a threat defendants, or attempt to flee.

10. As soon as Plaintiff was on the ground, Defendants Barker and Ross, and Doe immediately proceeded to viscously attack Plaintiff who had already surrendered and was in full compliance with defendants' instructions by lying on the ground. In addition to striking Plaintiff with their fists, at least one officer struck him with a flashlight. Plaintiff was neither fighting back nor being aggressive toward defendants in any way during the entire encounter. Plaintiff's parents and girlfriend witnessed the officers beating him.

11. Defendant Barker proceeded to arrest Plaintiff for felony fleeing with reckless indifference, reckless driving, speeding, obstructing, and driving left of center. Plaintiff was ultimately handcuffed, dragged and placed in the backseat of one of the cruisers and transported to the Bluefield Police Department for booking by officers R.L. Hamm and F.B. Ingole.

12. Plaintiff has little to no memory of anything following the beating, but according to a report filed by officer R.L. Hamm, Plaintiff, while being escorted into the police department, jumped onto the roof of the Bluefield Fire Department and then onto the sidewalk below. Plaintiff suffered multiple injuries as a result and was subsequently airlifted to the Charleston Area Medical Center in Charleston, West Virginia. Despite the foregoing, Plaintiff was not charged with escape.

13.     As a direct and proximate result of the vicious and unnecessary and excessive use of forces by the defendants, Plaintiff suffered severe injuries to his arms, face and legs. Plaintiff also suffers from PTSD as a result of the beating inflicted upon him by the defendants.

## COUNT ONE - EXCESSIVE FORCE UNDER 42 U.S.C. 1983
## VIOLATION OF THE FOURTH AMENDMENT

14.     Plaintiff incorporates by reference all the allegations contained in the previous paragraphs.

15.     Defendants, under color of state law, used excessive and violent force against the Plaintiff by forcibly and violently striking, punching, and striking him with a flashlight as described above in detail, on or about May 5, 2022.

16.     When the Defendants engaged in the infliction of violent physical force against the Plaintiff by striking, punching, and striking him with a flashlight, no objectively reasonable officer could have perceived the Plaintiff as posing an immediate threat to the safety of any of the Defendant officers, or any other individual, so as to require the use of violent physical force.

17.     At no time did the Plaintiff attack or assault any police officer, or any individual. Nor did he resist in any way. Throughout the incident with Defendants he was always compliant and not physically resisting or attempting to flee.

18.     The Defendant police officers' actions were objectively unreasonable, unlawful, unwarranted, and in violation of the Plaintiff's clearly established procedural and substantive rights, including the right to be free from excessive force under the Fourth Amendment of the

United States Constitution. Fourth Circuit case law has long been clear that violent physical force by a police officer is excessive in response to "mere words" by an arrestee where the arrestee "never pushed, kicked, or threatened anyone." Jones v. Buchanan, 325 F.3d 520 (4th Cir. 2003). A reasonable officer would not have had probable cause to feel threatened by the Plaintiff.

19. "Objective reasonableness" is the test to determine whether a particular use of force to effect an arrest is excessive. Graham v. Conner, 490 U.S. 386 (1989). Here, the Defendant's actions were objectively unreasonable, unlawful, unwarranted, and in violation of the Plaintiff's clearly established procedural and substantive rights, including the right to be free from excessive force under the Fourth Amendment of the United States Constitution. A reasonable officer would not have had probable cause to feel in any way threatened by the Plaintiff.

20. There are numerous examples in the case law of the Fourth Circuit establishing that the use of violent physical force under similar circumstances as occurred here was unreasonable. Plaintiff submits that the use of force in this case is synonymous with the use of force discussed in the cases below. In Yates v. Terry, 817 F.3d 877 (4th Cir. 2016), the Court described many different similar examples of unreasonably physical force, establishing that as of 2008 that it was clearly established that a police officer was not entitled to use unnecessary, gratuitous, or disproportionate force by repeatedly tasing a nonviolent misdemeanant who presented no threat to the safety of the officer or the public and who was compliant and not actively resisting arrest or fleeing. See Meyers v. Baltimore County, 713 F.3d 723, 734–35 ; Jones 325 F.3d at 532–34 ; Bailey v. Kennedy, 349 F.3d 731, 745 (4th Cir. 2003) ; Rowland, 41

F.3d at 174 ; see also Parker v. Gerrish, 547 F.3d 1, 9–11 (1st Cir.2008) ; Casey, 509 F.3d at 1282, 1284–86.

21. The Defendant officers' actions were willful, wanton, intentional, malicious and done with a callous and reckless disregard for the Plaintiff's Fourth Amendment right to be free from excessive force. In the event that this Court determines that the use of force, or any portion of the use of force, against the Plaintiff was performed at a time was when he was a pretrial detainee, the Plaintiff pleads excessive force, in the alternative, under the Fourteenth Amendment of the U.S. Constitution.

22. The Defendant Officers are not entitled to qualified immunity. There are numerous examples in the case law of the Fourth Circuit establishing that the use of violent physical force under similar circumstances as occurred here was unreasonable. In Yates v. Terry, 817 F.3d 877 (4th Cir. 2016), the Court described many different similar examples of unreasonably physical force, establishing that as of 2008 that it was clearly established that a police officer was not entitled to use unnecessary, gratuitous, or disproportionate force by repeatedly tasing a nonviolent misdemeanant who presented no threat to the safety of the officer or the public and who was compliant and not actively resisting arrest or fleeing. See Meyers v. Baltimore County, 713 F.3d 723, 734–35 ; Jones 325 F.3d at 532–34 ; Bailey v. Kennedy, 349 F.3d 731, 745 (4th Cir. 2003) ; Rowland, 41 F.3d at 174 ; see also Parker v. Gerrish, 547 F.3d 1, 9–11 (1st Cir.2008) ; Casey, 509 F.3d at 1282, 1284–86.

23. The Court further noted that, "though our decisions in Meyers, Bailey, and Jones dealt with individuals who were secured when they were subjected to excessive force, our precedent nonetheless provided Terry with fair notice that the force he used against Yates under

the facts of this case was unconstitutionally excessive." Yates v. Terry, 817 F.3d 877 (4th Cir. 2016).

24. As a direct and proximate result of Defendant's actions, Plaintiff suffered harm, including personal injury, extreme emotional distress, severe pain, attorney fees and expenses, and is entitled to recover for the same.

## COUNT TWO- MONELL CLAIM AGAINST THE CITY OF BLUEFIELD, WEST VIRGINIA

25. The previous paragraphs are hereby incorporated by reference as though fully restated herein.

26. The City of Bluefield which is the political subdivision under which the Bluefield Police Department operates, adopted an official policy, custom, and practice whereby officers would routinely intimidate, harass, and physically harm citizens such as Plaintiff.

27. Upon information and belief, the City of Bluefield was specifically aware of prior instances of similar misconduct by Defendant Barker and thereafter failed to investigate, supervise, and take appropriate action with respect to Defendant Barker despite the existence of prior legitimate complaints against him for similar unconstitutional misconduct.

28. Additionally, the City of Bluefield, upon information and belief, has a custom of tolerance or acquiescence of federal civil rights violations, such as previously committed by Defendant Barker and also committed to the Plaintiff as described herein.

29. The actions of Defendants Barker, Ross, and Doe as employees of the City of Bluefield of engaging in the unlawful use of excessive force, and the numerous Fourth Amendment violations perpetrated against Plaintiff on May 5, 2022 is reflective of the policies,

training, and practices, which even after May 5, 2022 were not altered or rectified. Upon information and belief, said constitutionally deficient policies remain in place.

30. The City of Bluefield knew or should have known that it had insufficiently trained its officers in basic constitutional law, and in the appropriate use of force; an understanding of which is essential to their role as public servants, and greater purpose of the City of Bluefield as a whole.

31. As a direct and proximate result of the insufficient or incorrect hiring, policies, training, and practice, creating a pattern, practice and policy of civil rights violations, the Plaintiff was damaged as described herein, for which he is entitled to recover.

## PRAYER

WHEREFORE, based on the above stated facts, the Plaintiff respectfully requests that this Honorable Court award:

1. Damages against the individual Defendants in an amount to be determined at trial which will fairly and reasonably compensate the Plaintiff for all compensatory damages to be proven at trial;

2. Punitive damages against the individual Defendants in an amount to be determined at trial; and

3. Reasonable attorney fees and costs.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

                                                  HIRAM TOLLIVER
                                                  By Counsel

/s /John H. Bryan
John H. Bryan (WV Bar No. 10259)
JOHN H. BRYAN, ATTORNEY AT LAW
411 Main Street
P.O. Box 366
Union, WV 24983
(304) 772-4999
Fax: (304) 772-4998
jhb@johnbryanlaw.com